Filed 7/18/16  P. v . Jackson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080917 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F00099) |
| v. | |
| JARON MALIK JACKSON, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In accordance with *People v. Kelly* (2006) 40 Cal.4th 106, 110, we provide a summary of defendant's offenses and the proceedings in the trial court.

An amended complaint filed July 23, 2015, alleged that on or about January 3, 2015, defendant Jaron Malik Jackson recklessly evaded a peace officer (Veh. Code, § 2800.2, subd. (a)—count one); resisted, obstructed, or delayed a peace officer (Pen.

1

Code, § 148, subd. (a)(1)—count two);[1] committed hit-and-run with property damage (Veh. Code, § 20002, subd. (a)(1), (2)—count three); and drove without a valid license (Veh. Code, § 12500, subd. (a)—count four). As to count one, the complaint alleged a prior strike. (§§ 667, subds. (b)-(i), 1170.12.)

On September 17, 2015, pursuant to a plea agreement, defendant pleaded no contest to count one and admitted the prior strike, in return for the dismissal of counts two through four with a *Harvey*[2] waiver for purposes of victim restitution and a stipulated sentence of two years eight months in state prison (the low term of one year four months on count one, doubled for the strike).

The parties stipulated to the following factual basis for the plea: "On January 3rd, 2015, in the County of Sacramento, [defendant] was driving a motor vehicle where at some point a police officer saw him make a turn without yielding. [¶] At that point the police officer activated his lights and sirens. [Defendant] responded to the activation of lights and sirens by taking off [at] a high rate of speed, making some quick turns. [¶] [O]n several occasions, [defendant] reached speeds of 65 miles per hour in [a] 25 mile[s]-per-hour zone. He ran through stop signs and drove the car in a reckless manner. [¶] The [statutory] conditions [necessary to commit the crime] were present as the police officer attempted to detain [defendant] with his motor vehicle."

On October 15, 2015, the trial court (Judge Lewis) imposed the agreed-upon sentence. The court awarded defendant 572 days of presentence custody credit (286 actual days and 286 conduct days). The court dismissed counts two through four with the *Harvey* waiver entered during the plea.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

The trial court imposed the following fines and fees: a $900 restitution fine (§ 1202.4, subd. (b)), a $900 suspended parole revocation fine (§ 1202.45), a $40 court security fee (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), a $384.94 main jail booking fee (Gov. Code, § 29550.2), and a $64.82 main jail classification fee (Gov. Code, § 29550.2). The court also imposed a 20 percent criminal impact fee ("state surcharge") (§ 1465.7, subd. (a)), but later struck that fee pursuant to appellate counsel's motion. On November 12, 2015, pursuant to the parties' stipulation, the trial court (Judge Ransom) ordered restitution of $820 to Selena A., the victim in count three. On November 19, 2015, following a further hearing on victim restitution, the trial court (Judge Ransom) increased the order of restitution to Selena A. to $2,187.32.

Defendant appeals without a certificate of probable cause. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we note the following errors in the amended abstract of judgment, filed March 25, 2016: Defendant was sentenced to two years eight months based on the low term of one year four months for count one, doubled for defendant's prior strike. Therefore, the double-base term imposed should be listed in item 1 in the "YRS./MOS." column as two years eight months. All "enhancement" entries at item 3—"PC 245(a)(2)" and both "1 YR 4 MO's"—should be deleted and the first box in item 4 should be checked to reflect that defendant was sentenced pursuant to a prior strike (§§ 667, subds. (b)-(i), 1170.12). Defendant's middle

name (Malik) as well as the restitution amount of $2,187.32 in item 5 should also be added to the abstract. Other than these corrections to the amended abstract of judgment, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court shall prepare a corrected abstract of judgment as described above and forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed.

        BUTZ        , Acting P. J.

We concur:

     HOCH      , J.

     RENNER    , J.

4